IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, LAW DIVISION

MATT IMBER,                              )
                                         )
            Plaintiff,                   )
                                         )
      v.                                 )         No.
                                         )
HOME DEPOT USA, INC.,                    )
                                         )
            Defendant.                   )

## COMPLAINT AT LAW

2017L009558
CALENDAR/ROOM A
PI Other

NOW COMES the plaintiff, MATT IMBER, by and through his attorneys, VITT
LAW OFFICES, P.C., and in support of his complaint at law against the defendant, HOME
DEPOT USA, INC., states as follows:

1.     That at all times herein relevant, HOME DEPOT USA, INC. was a Delaware
corporation in the business of owning and operating HOME DEPOT retail stores throughout
Cook County, Illinois and the United States.

2.     On August 2, 2017, the HOME DEPOT USA, INC., owned, operated and staffed
Home Depot store number 1989 located at 14053 S. Bell Road in Homer Glen, Illinois.

3.     On August 2, 2017, MATT IMBER was a Cook County resident who was
performing a home improvement project at his home located at 9 Spruce Court, Lemont, Illinois.

4.     The home improvement project performed by MATT IMBER on August 2, 2017
involved the removal of underlayment from around kitchen cabinets and under the refrigerator,
dishwasher and oven.

5.     On August 2, 2017 Aileen Armbruster was assisting MATT IMBER in obtaining
the tools necessary to perform the home improvement work referenced above.

6.      On August 2, 2017, Aileen Armbruster went to Menards in Homer Glen, Illinois and explained the project to an agent or employee of Menards to obtain instruction as to what tool was required to safely and effectively perform the underlayment work referenced above.

7.      The Menards associate advised Aileen Armbruster that Menards did not carry the necessary tool in stock but printed a picture and name of the tool that was required to safely perform the proposed tasks.

8.      On August 2, 2017, Aileen Armbruster went to the HOME DEPOT located at 14053 S. Bell Road, Homer Glen, Illinois to obtain the tool necessary for the work referenced above.

9.      On August 2, 2017, Aileen Armbruster spoke with "Tom" an agent or employee of HOME DEPOT USA, INC. in the power tool department at the Home Depot located at 14053 S. Bell Road, Homer Glen, Illinois and explained the project to obtain instruction as to what tool was required to safely and effectively perform the underlayment work referenced above.

10.     On August 2, 2017, "Tom", an agent or employee of HOME DEPOT USA, INC. stated that he understood what tool that was required to complete the proposed work but that HOME DEPOT did not carry the appropriate tool.

11.     On August 2, 2017, "Tom", the agent or employee of HOME DEPOT USA, INC. recommended and selected a hand-held circular saw manufactured by Makita as well as a separately sold circular blade to be used for the proposed underlayment work.

12.     On August 2, 2017, "Tom", an agent or employee of HOME DEPOT USA, INC. instructed Aileen Armbruster how to remove the housing around the circular saw so that the proposed underlayment work could be performed in the area described to him.

2

13.     That at all times herein relevant, MATT IMBER was inexperienced in the use of hand-held circular saws.

14.     On August 2, 2017, MATT IMBER used the hand-held circular saw and blade after removing the housing around the blade as instructed by "Tom", the agent or employee of HOME DEPOT USA, INC.

15.     That as MATT IMBER used the hand-held circular saw and blade in the fashion instructed by "Tom", the agent or employee of HOME DEPOT USA, INC. the saw blade kicked back striking and severely lacerating MATT IMBER's right arm from his wrist to his bicep.

16.     That at all times herein relevant, it was the duty of the defendant, HOME DEPOT USA, INC., by and through its agents and employees to exercise reasonable care and caution in the selection, recommendation and instruction regarding the use of tools including hand-held circular saws.

17.     That notwithstanding its duty as aforestated, the defendant, HOME DEPOT USA, INC., by and through its agent or employee was then and there guilty of one or more or all of the following negligent acts or omissions to act:

     (a)    Instructed as to the removal of housing around a circular saw blade;

     (b)    recommended the removal of housing around a hand-held circular saw blade;

     (c)    selected and endorsed a tool for a project which required the removal of housing in order to perform the described task;

     (d)    failed to explain the purpose of the housing around the hand-held circular saw blade;

     (e)    recommended the purchase of a hand-held circular saw when it was not safe to use such a tool for the work described;

     (f)    recommended a tool which was inappropriate for the described project when the appropriate and safe tool was out of stock.

3

18.     That as a direct and proximate result of one or more or all of the aforesaid negligent acts or omissions to act, MATT IMBER suffered serious injury, has and will in the future expend sums of money in an effort to obtain medical care and treatment, has and will in the future lose time from gainful employment and has and will in the future experience pain, suffering, loss of normal life and disfigurement as a result of the injuries suffered.

WHEREFORE, the plaintiff, MATT IMBER, prays this Court to enter judgment in his favor and against the defendant, HOME DEPOT USA, INC., in an amount exceeding $50,000.00, plus costs.

Daniel J. McDevitt
McDevitt Law Offices, P.C.
221 North LaSalle Street
Suite 1600
Chicago, Illinois 60601
(312) 332-0072
Atty. No. 56118

4