# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| MATT IMBER, | ) | |
| | ) | No. 17 CV 7777 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Magistrate Judge Young B. Kim |
| | ) | |
| HOME DEPOT USA, INC., | ) | |
| | ) | November 14, 2018 |
| Defendant. | ) | |

## MEMORANDUM OPINION and ORDER

In this diversity action Plaintiff Matt Imber ("Imber"), an Illinois resident, is suing Defendant Home Depot USA, Inc. ("Home Depot"), a Delaware corporation, alleging that a Home Depot employee negligently advised him on the use of a power tool, causing Imber serious bodily injury. Before the court is Imber's motion for leave to file an amended complaint to add a claim against Home Depot employee James Gross ("Gross"). For the following reasons, the motion is granted:

## Background

On August 2, 2017, Imber was improving his home, which involved the removal of underlayment in his kitchen. (R. 1-1, Compl. ¶ 3.) Aileen Armbruster, who was helping Imber getting tools for the project, went to a Home Depot store located in Homer Glen, Illinois, and explained the project to a store employee. (Id. ¶ 9.) The employee answered that he understood which tool was required to complete the project, but that Home Depot did not carry the appropriate tool. (Id. ¶ 10.) The employee then recommended a hand-held circular saw

manufactured by Makita and a separately sold circular blade and instructed Armbruster on how to remove the housing around the circular saw so that the proposed project could be performed in the area described to the employee. (Id. ¶¶ 11, 12.) Before using the saw, Imber removed the housing around the blade as instructed by the employee. (Id. ¶ 14.) As Imber was using the saw, the blade kicked back, striking and severely lacerating his right arm. (Id. ¶ 15.)

On September 21, 2017, Imber filed this action against Home Depot in state court. (R. 1, Compl.) Home Depot then timely removed the case to this court on October 27, 2017. (R. 1, Notice of Removal.) Imber moves to amend his complaint identifying Gross, an Illinois resident, as the Home Depot employee who prescribed the saw for the project and seeks to add him as a defendant in this action. (R. 51, Pl.'s Mot. ¶ 2.) Home Depot opposes the motion because, according to it, Imber's only motivation is to destroy diversity jurisdiction. (R. 55, Def.'s Resp. ¶ 7.)

## Analysis

Under Federal Rule of Civil Procedure 15(a)(2), courts should "freely give leave [to amend] when justice so requires." *Life Plans, Inc. v. Sec. Life of Denver Ins. Co.*, 800 F.3d 343, 347 (7th Cir. 2015). Generally, leave to amend should be granted unless the amendment would be futile or would cause undue delay or undue prejudice, or the party seeking leave does so in bad faith. *Id.* However, when the proposed amendment seeks to add a non-diverse party whose presence in the lawsuit would destroy federal court jurisdiction, 28 U.S.C. § 1447(e) governs. That statute provides the following two options to a court faced with a motion to

amend like Imber's: deny joinder or permit joinder and remand the case to state court. *See Schur v. L.A. Weight Loss Ctrs., Inc.*, 577 F.3d 752, 759 (7th Cir. 2009). "These are the only options; the district court may not permit joinder of a non-diverse defendant and retain jurisdiction." *Id.* In deciding which option to exercise, this court must "balance the equities" and consider the following four factors: (1) whether the plaintiff seeks joinder to defeat federal court jurisdiction; (2) whether the request to amend the complaint is timely; (3) whether denying joinder will significantly harm the plaintiff; and (4) whether there are other relevant equitable factors counseling in favor of amendment or against. *Id.*

The court first turns to Imber's motive for seeking joinder. A plaintiff may not join a non-diverse defendant simply to destroy federal diversity jurisdiction. *Schwartz v. State Farm Mut. Auto. Ins. Co.*, 174 F.3d 875, 878 (7th Cir. 1999). Although not dispositive, one relevant method articulated by the Seventh Circuit for "scrutinizing the plaintiff's motives for joining a non-diverse party" is to consider the fraudulent joinder doctrine. *Schur,* 577 F.3d at 764. To establish fraudulent joinder, a removing defendant may show "proof of fraud[.]" *Walton v. Bayer Corp.*, 643 F.3d 994, 999 (7th Cir. 2011). Alternatively, a defendant may show that, after resolving all issues of fact and law in the plaintiff's favor, there is no reasonable possibility that the plaintiff could state a cause of action against the defendant in state court. *Morris v. Nuzzo*, 718 F.3d 660, 666 (7th Cir. 2013) (internal quotation and citation omitted). To determine whether the plaintiff would have any possibility of success in state court, the court must look to state law. *Schur*, 577

3

F.3d at 764. If a defendant can carry the "heavy burden" of proving fraudulent joinder, this factor would counsel against joinder. *Id.*

To assess Imber's possibility of success in an Illinois court, this court looks to Illinois law on agency, which provides that a duty owed to a third party may not be imputed to an agent. *Hoidas v. Wal-Mart Stores, Inc.*, No. 09 CV 7409, 2010 WL 1790864, at *2 (N.D. Ill. Apr. 30, 2010) (citing *Bovan v. Am. Family Life Ins. Co.*, 386 Ill. App. 3d 933, 943 (2008)). Similarly, an agent who breaches a duty owed solely to his principal is not independently liable to an injured party. *Schur*, 577 F.3d at 765 (citing *Bovan*, 386 Ill. App. 3d at 933)). Instead, the duty of care flows from the relationship between the parties. *Hoidas*, 2010 WL 1790864, at *2. Thus, a claim with a reasonable possibility of success must at least suggest an independent duty that the defendant owes to the plaintiff. *Id.*

"Whether a duty exists is a question of law" for the court to decide. *Schur*, 577 F.3d at 766 (citing *Widlowski v. Durkee Foods, Div. of SCM Corp.*, 138 Ill. 2d 369, 373 (1990)). "It is well settled that every person owes a duty of ordinary care to all others to guard against injuries which naturally flow as a reasonably probable and foreseeable consequence of an act, and such a duty does not depend upon contract, privity of interest or the proximity of relationship, but extends to remote and unknown persons." *Id.* (citing *Widlowski*, 138 Ill. 2d at 373). "[I]n determining whether the defendant owed a duty to the plaintiff, the court will consider whether the risk of harm to the plaintiff was reasonably foreseeable." *Id.* (citing *Widlowski*, 138 Ill. 2d at 373).

In the instant case, Home Depot contends that Imber has failed to allege a separate claim of negligence beyond the scope of Gross's employment and cannot show that Gross owed him an independent duty of care. (R. 55, Def.'s Resp. ¶ 8.) Imber responds that while Home Depot may be vicariously liable for Gross's negligent advice, Gross also owed him an independent duty "to exercise reasonable care and caution in the selection, recommendation and instruction regarding the use of tools . . . ." (R. 57, Pl.'s Repl. ¶ 7.) In *Schur*, the Seventh Circuit explained that "[a] person is not absolved of personal liability to a third person on account of his or her negligence or other wrongful act merely because at the time such person was acting as an employee within the scope of the employment." 577 F.3d at 765. Thus, although vicarious liability imputes an agent's misconduct, performed within the scope of his or her employment, to the employer, "[w]hether the employer is held vicariously liable for the agent's conduct . . . does not affect the agent's independent tort liability." *Id.* (citations omitted). Therefore, an agent "can be individually liable even where his employer is *also* vicariously liable." *Id.* (Emphasis in original).

Here Imber alleges that Gross violated his duty to exercise reasonable care when he "recommended the purchase of a hand-held Makita angle grinder when it was not safe to use such a tool for the work described." (R. 57, Pl.'s Repl. ¶ 7.) In other words, Imber alleges that Gross was an active tortfeasor and liable for his injuries independent of any duty owed to him by Home Depot. *See, e.g.*, *Likens v. Menard, Inc.*, No. 15 CV 2959, 2015 WL 3961635, at *3 (N.D. Ill. June 26, 2015)

5

(finding that the plaintiff "alleged that the employee was an active participant in the accident that caused the injury" and had therefore presented a sufficient possibility of recovery against the employee); *see also Schur*, 577 F.3d at 766 (*quoting Gateway Erectors Div. of Imoco-Gateway Corp. v. Lutheran Gen. Hosp.*, 102 Ill. App. 3d 300, 301 (1981)) ("'If the agent once actually undertakes and enters upon the execution of a particular work, it is his duty to use reasonable care in the manner of executing it, so as not to cause any injury to third persons which may be the natural consequence of his acts . . . .'"). Because it is reasonably possible that a state court could find for Imber against Gross individually, Home Depot has not shown that Imber seeks to add Gross to the instant suit merely to defeat diversity jurisdiction. As such, the first factor weighs in favor of permitting Imber to join Gross as a party defendant.

The court next considers whether Imber's request to amend is timely. Home Depot argues that Imber knew of Gross's identity since it served its initial discovery responses on March 19, 2018. (R. 55, Def.'s Resp. ¶ 9.) In response, Imber asserts that although he knew of Gross's identity for six months, he did not learn of Gross's role in the events leading up to his injury until August 14, 2018, following the deposition of Home Depot employee Donna Crnich. (R. 57, Pl.'s Repl. ¶ 9.) Imber adds that the depositions of Home Depot employees William Brady on August 20, 2018, and Scott Draftke on September 24, 2018, provided additional facts that support Gross's liability, prompting the filing of the current motion on September 28, 2018. (Id.)

6

The court agrees with Imber that the timing of his motion supports joinder as there is no indication that he is only seeking to join a non-diverse party "immediately after removal, but without additional discovery providing a legitimate reason for doing so." *WG Techs., Inc. v. Thompson*, No. 13 CV 304, 2013 WL 1943310, at *3 (N.D. Ill. May 8, 2013) (internal quotations and citations omitted). Instead, it appears that Imber now seeks leave to amend his complaint after establishing a reasonable basis for joining Gross as a defendant in this matter. Accordingly, the court finds that the second factor weighs in favor of permitting joinder.

Next, with respect to the balance of harms and equitable considerations, the court must balance the risk that Imber may experience significant injury if the amendment is not allowed against the risk that Home Depot will be prejudiced if the amendment is allowed. *See Vasilakos v. Corometrics Med. Sys., Inc.*, No. 93 CV 5343, 1993 WL 390283, at *3 (N.D. Ill. Sept. 30, 1993). Although Imber does not allege any specific injury, if the court does not allow this amendment it is possible that he would incur additional expense and delay of litigating two separate cases—one in state court and one in federal court—over the same alleged injury caused by the same negligent acts. Home Depot argues that Imber will not be injured if joinder is denied because Home Depot's "claimed liability is entirely derivative from the alleged negligence of its employee, which will have to be proved regardless of whether or not [Gross] is a named defendant," that the "substantive claims against Home Depot and [Gross] are identical, and would require [Imber] to prove the same

7

elements and damages," and that "no additional relief will be available to Imber if [Gross] is joined . . . as the same liability policy covers both Home Depot and its employee Gross for this claimed loss." (R. 55, Def.'s Resp. ¶ 10.) However, because the court finds that Gross could be held liable individually for his alleged negligence, Home Depot's argument does not tip the scale in favor of denying joinder.

Furthermore, the court recognizes Home Depot's interest in a federal forum but does not believe that this interest outweighs Imber's interest in avoiding having to pursue his claims against Gross in a separate suit in state court. *See In re Bridgestone/Firestone, Inc.*, 129 F. Supp. 2d 1202, 1204 (S.D. Ind. 2001) (citing *Vasilakos*, 1993 WL 390283, at *2) ("Courts normally are reluctant to force a plaintiff to pursue litigation on the same incident in both state and federal court."). Because this court is not in favor of such parallel litigation and the resulting strain on the judiciary, it has typically granted leave to amend to add non-diverse defendants to avoid contributing to duplicative litigation and waste." *See, e.g.*, *Vasilakos*, 1993 WL 390283, at *4 ("The plaintiffs are more likely to be prejudiced if forced to pursue multiple litigation in federal and state court than [the removing defendant] would be by defending the suit in state court. In fact, federal civil practice encourages the joinder of claims and parties in order to better accommodate judicial efficiency and to avoid wasteful duplication.") Accordingly, the court finds that the two remaining factors weigh in favor of granting Imber's motion to amend his complaint.

## Conclusion

For the foregoing reasons, Imber's motion for leave to file his amended complaint is granted and the court remands this matter to the state court from which removal was granted.

**ENTER:**

**Young B. Kim**
**United States Magistrate Judge**